# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., <br><br> Plaintiff, <br><br> v. <br><br> CLASSIFIED VENTURES, LLC, <br><br> Defendant. | Civil Action No. 2:11-cv-426 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT, CLASSIFIED VENTURES, LLC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Classified Ventures, LLC ("Classified Ventures") files this Answer and Affirmative Defenses to Plaintiff GeoTag Inc.'s ("GeoTag") Original Complaint.

## PARTIES

1. Plaintiff GeoTag is a Delaware corporation with its principle place of business in Plano, Texas.

**ANSWER:** On information and belief, Classified Ventures denies that GeoTag's principle place of business is Plano, Texas.

2. On information and belief, Defendant Classified Ventures, LLC ("Classified Ventures") is a Delaware corporation with its principal place of business at 175 W. Jackson, 8th Fl., Chicago, IL 60606. Classified Ventures has appointed CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601, as its agent for service of process.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including related to the infringements alleged herein.

Further, on information and belief, Defendant has an interactive website(s) comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

**ANSWER:** Classified Ventures admits that GeoTag's Complaint alleges causes of action under the United States patent laws, and that, therefore this Court retains subject matter jurisdiction over GeoTag's claims.  Classified Ventures admits that it operates websites accessible from this forum, but denies infringement of any valid and enforceable claim of any patent identified in this Complaint.  Classified Ventures admits that is has done business in the State of Texas, but denies that those contacts are sufficient to subject it to specific personal jurisdiction with respect to GeoTag's allegations, or to general personal jurisdiction in this forum. Classified Ventures otherwise denies any remaining allegations in this paragraph.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendant is subject to personal jurisdiction in this district. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendant has an interactive website(s) comprising infringing methods and apparatuses which are used in and/or accessible in this district. Further, on information and belief, Defendant is subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**ANSWER:** Classified Ventures incorporates its response to paragraph 3 herein.  Classified Ventures denies that venue is proper in this District.  Classified Ventures denies that it has infringed any valid and enforceable claim of any asserted patents.  Classified Ventures otherwise denies any remaining allegations in this paragraph.

## COUNT I – PATENT INFRINGEMENT

5.     Plaintiff is the owner by assignment of United States Patent No. 5,930,474 (the "'474 Patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information." The '474 Patent issued on July 29, 1999. A true and correct copy of the '474 Patent is attached hereto as Exhibit A.

**ANSWER:**     Classified Ventures admits that U.S. Patent. No. 5,930,474 ("the '474 patent") is titled "Internet Organizer for Accessing Geographically and Topically Based Information," and that a copy of the '474 patent is attached as Exhibit A to the Complaint. Classified Ventures is without information sufficient to form a belief as to the remaining allegations in this paragraph and, on that basis, denies the same.

6.     The Claims of the '474 Patent cover, inter alia, systems and methods which comprise associating on-line information with geographical areas, such as systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

**ANSWER:**     The allegations of paragraph 6 state legal conclusions to which no response is required from Classified Ventures. The scope of the '474 Patent is determined by its claims and Classified Ventures denies the allegations of this paragraph to the extent inconsistent with a proper interpretation of those claims.

7.     On information and belief, Classified has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the "Find an Apartment" at www.apartments.com, "Search for a Car" at www.cars.com, and the Job Opportunities feature at classifiedventures.silkroad.com.

**ANSWER:**     Denied.

8.     To the extent that facts learned during the pendency of this case show that Defendant's infringement is, or has been willful, GeoTag reserves the right to request such a finding at time of trial.

**ANSWER:** Paragraph 8 is a characterization of GeoTag's litigation strategy to which no response from Classified Ventures is required.

9. As a result of Defendant's infringing conduct, Defendant has damaged GeoTag. Defendant is liable to GeoTag in an amount that adequately compensates GeoTag for its infringement, which, by law, can be no less than a reasonable royalty.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

1. Classified Ventures has not infringed, and is not infringing, directly or indirectly, any valid claim of the '474 patent.

2. On information and belief, the claims of the '474 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and 112.

3. On information and belief, some or all of the relief sought by Plaintiff is barred by its failure to meet the requirements of 35 U.S.C. § 287.

4. GeoTag is not entitled to equitable relief at least because it has not and will not suffer irreparable harm, it does not practice the patent, or because it is not without an adequate remedy at law.

5. On information and belief, some or all of the relief sought by Plaintiff is barred by the doctrines of prosecution history estoppel, judicial estoppel, laches and/or waiver.

6. If the facts of this case warrant, declaring this case to be exceptional pursuant to Section 285 of Title 35 of the United States Code and awarding Classified Ventures its attorneys' fees reasonably incurred in defending against this action; and

7.      As discovery may reveal the existence of other defenses, Classified Ventures reserves the right to seek leave to amend this Answer and to allege any and all defenses that may be appropriate.

## JURY DEMAND

Classified Ventures hereby requests trial by jury of all issues properly so triable.

Dated: April 16, 2012	Respectfully submitted,

　/s/  Thomas L. Duston
Thomas L. Duston
 tduston@marshallip.com
Cullen N. Pendleton
 cpendleton@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606-6357
T: 312.474.6300

*Attorneys for Defendant Classified Ventures, LLC.*